UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-197-HRW

PAMELA ERWIN,                                                                PLAINTIFF,

v.                        **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on October 6, 2003 (Tr. 62-65), alleging disability beginning on October 3, 2003, due to a learning disability, nervous condition and spine (Tr. 70). This application was denied initially and on reconsideration. On April 26, 2005, an

administrative hearing was conducted by Administrative Law Judge Charlie Paul Andrus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 324-337). At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified (Tr. 337-342).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 17, 2005, the ALJ issued his decision finding that Plaintiff was not

disabled (Tr. 16-24).

Plaintiff was 26 years old at the time of the hearing decision (Tr. 16). She has a high school education (Tr. 16). Her past relevant work experience consists of work as a sewing machine operator (Tr. 16).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 23). The ALJ then determined, at Step 2, that Plaintiff suffered from depression and chronic low back pain, which he found to be "severe" within the meaning of the Regulations (Tr. 23). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24). In doing so, the ALJ specifically considered listings 1.00, 12.04 and 12.02 (Tr. 18-20). The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 24) but determined that she has the following residual functional capacity ("RFC"):

> [L]ift / carry 20 pounds occasionally and 10 pounds frequently; limited to simple routine work without significant public contact in a setting, with minimal changes in work process, a kindergarten reading level; occasionally climb, stoop or crawl; needs to sit/stand at ½ hour to 1 hour intervals; and no work in excessive dust / fumes.

3

(Tr. 24).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as packer, grader / sorter or machine tender (Tr. 24). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 24). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 19, 2005 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

4

383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's sole contention on appeal is that the ALJ should have found Plaintiff to be presumptively disabled at Step 3 of the sequential process by finding that she meets the requirements of Listing 12.05C.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404,

5

subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet **all** the requirements specified in the Listing." *Id.* (emphasis added). This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530. In other words, it is insufficient for a claimant to almost meet the requirements of a listed impairment. *See, Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986).

Listing 12.05 provides in pertinent part:

> 12.05 *Mental retardation:* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C or De are satisfied.
> . . . .

In this case, Plaintiff argues that she has the severity requirements set forth in Subpart C, which requires:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.

In order to fall within Listing 12.05, Plaintiff must first show that she has "significantly subaverage general intellectual functioning with deficits in adaptive functioning" which "initially manifested during the developmental period." Plaintiff has not done so. In fact, her argument only establishes that she was not thus impaired prior to the age of 22. Plaintiff refers to the IQ test scores from 1992 which were all above 70. Plaintiff points out that her verbal IQ at that time was 73, "within three points of meeting the requirement in Section 12.05C."

7

However, as discussed above, the caselaw is this regard is clear -"close" is simply not enough. *See, Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986).

Nor does Plaintiff meet the severity requirements set forth in Subpart C. As the ALJ acknowledged, Plaintiff's most recent IQ scores were within the requisite range set forth in 12.05C. However, that is not the end of the analysis under 12.05C. The listing requires an "additional and significant work-related limitation of function." In this case, the record shows that Plaintiff was employed before her alleged disability began (Tr. 337). *See, Foster v. Halter*, 279 F.3d 348, 354-355 (6th Cir. 2001). Further, she had a valid driver's license (Tr. 324). These facts undercut her claim of meeting the factors of 12.05C as they are inconsistent with a finding of "significant work-related limitation of function."

Based upon the record, the Court finds that the Plaintiff has not carried her burden in proving that she meets the requirements set forth in Listing 12.05C.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

8

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This _25_ day of July, 2006.

                                                  Henry R. Wilhoit, Jr., Senior Judge